## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## KANSAS CITY

| | |
|---|---|
| RENAISSANCE LEARNING, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-cv-00413-SWH |
| ) | |
| METIRI GROUP, LLC ) | |
| ) | |
| Defendant. ) | |

### METIRI GROUP, LLC'S FIRST MOTION IN LIMINE
### AND SUGGESTIONS IN SUPPORT

COMES NOW defendant Metiri Group, LLC and moves the Court for an order *in limine* restricting plaintiff from offering, directly or indirectly, to the trier of facts, through witnesses, argument, comment or otherwise, evidence or matters related to the following topics:

### I. EVIDENCE OF THE EXISTENCE OF POLICIES OF LIABILITY INSURANCE WHICH MAY PROVIDE COVERAGE TO DEFENDANT SHOULD BE PRECLUDED

The Court should preclude plaintiff from offering into evidence, referring to or alluding to facts indicating that defendant is insured under a policy of commercial liability insurance. Under Federal Rule of Evidence 411, this is a well-known practice employed in all jurisdictions and utilized to address the concern that "knowledge of the presence of liability insurance would induce juries to decide cases on improper grounds." Advisory Notes to Fed.R.Evid. 411; Buttron v. Sheehan, 2001 WL 111028 at *4 (N.D. Ill. 2001); Communications Corp. v. Eames, 929 F. Supp. 239, 242 (E.D. Tex. 1996). There are no issues in this matter presenting an exception to this rule and the introduction of evidence relating to the presence of defendant's policies would be highly prejudicial.

Accordingly, defendant requests that the Court instruct the parties that any reference to the presence of policies of liability insurance which may cover defendant should be prohibited.

## II. WITNESSES, DOCUMENTS, AND INFORMATION NOT PRODUCED DURING DISCOVERY SHOULD BE PRECLUDED

One of the purposes of the discovery rules in federal court is to eliminate the element of surprise at trial. Fed.R.Civ.P. 26 provides that parties may obtain discovery regarding information or documents that are reasonably calculated to lead to the discovery of admissible evidence, as well as discovery regarding lay and expert witnesses. With regard to expert witnesses, Fed.R.Civ.P. 26 allows the discovery of the identity of the expert, as well as the subject matter on which the expert will testify. Additionally, a party is required to seasonably supplement and amend its discovery responses as well as its deposition answers. See Fed.R.Civ.P. 26(e). When evidence has not been disclosed in response to appropriate discovery, a trial court is vested with broad discretion as to its course of action, including rejection of the evidence or the imposition of other appropriate sanctions.

Plaintiff should not be permitted to offer any documents not previously identified or produced in the discovery period ending August 28, 2009, including photographs, videotapes, statements, records or other documents or tangible items due to the prejudice that would ensue to defendant.

## III. WITNESSES IDENTIFIED IN "PLAINTIFF'S AMENDED RULE 26(a)(1) INITIAL DISCLOSURES" NOT PREVIOUSLY IDENTIFIED

Federal Rule of Civil Procedure 26(e)(1)(A) provides that a party who has made a disclosure under Rule 26(a) must supplement or correct its disclosure or response in **a timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and

2

if the additional or corrective information has not been otherwise made known to the other parties during the discovery process or in writing.

Rule 26(a)(1) provides that a party must provide the name of each individual likely to have discoverable information, along with the subjects of that information, that the disclosing party may use to support its claims or defenses. On or about November 15, 2007, "Plaintiff's Rule 26(a)(1) Initial Disclosures" were mailed to Metiri's previous counsel and plaintiff filed the corresponding "Certificate of Service" with the Court pursuant to Local Rule 26.4. (ECF Doc. # 23). On or about August 11, 2009, nearly twenty-one (21) months later, plaintiff mailed "Plaintiff's Amended Rule 26(a)(1) Initial Disclosures" to Metiri's counsel. Plaintiff **did not** file a corresponding certificate of service as is required by Local Rule 26.4.

"Plaintiff's Amended Rule 26(a)(1) Initial Disclosures" contains the names of three witnesses not contained in Plaintiff's original 26(a) disclosure: Judith Paul; Father Tim Bushy; and Robert Turner. Metiri became aware of Father Tim Bushy and Robert Turner's involvement in the matter as they provided affidavits in March 2008, but was unaware of the potential for Ms. Paul's testimony being used to support RLI's claims. Plaintiff should not be permitted to introduce the testimony of Ms. Paul as she was not disclosed in a timely manner or in accordance with Local Rules.

Ms. Paul is said to have "information on the creation and use of RLI's products." Upon information and belief, Ms. Paul created the subject Accelerated Reader product and is an executive at RLI. Clearly, RLI was well aware of Ms. Paul's identity since the inception of the lawsuit, but failed to disclose her until shortly before the discovery deadline of August 28, 2009. If Ms. Paul's testimony is admitted, Metiri will be unduly prejudiced and RLI will benefit by not acting in conjunction with the discovery procedures enacted to "eliminate surprise and do substantial justice."

Troknya v. Cleveland Chiropractic Clinic, 280 F.3d 1200, 1205 (8th Cir. (Mo.) 2002); Mawby v. U.S., 999 F.2d 1252, 1254 (8th Cir. 1993).

## IV. EVIDENCE AND TESTIMONY REGARDING THE EFFICACY OF ACCELERATED READER BY THOSE NOT DESIGNATED AS EXPERTS

Plaintiff should be prohibited from offering testimony regarding the efficacy of Accelerated Reader through any witness not designated as an expert pursuant to Rule 26(a)(2), which provides that "a party must disclose the identify of any witnesses it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." The only expert plaintiff designated qualified to discuss the efficacy of reading programs is Dr. Herbert Walberg.

If a witness is not testifying as an expert, the witness's testimony in the form of opinions or inferences is limited to those opinions not based on scientific, technical, or other specialized knowledge within the scope of Federal Rule of Evidence 702. Fed.R.Evid. 701. Testimony on the efficacy of reading programs is within the province of expert opinion as it requires a scientific, technical, or other specialized knowledge. Plaintiff tacitly admits that an expert is required to deliver such testimony as it designated Dr. Walberg as its education program evaluation expert.[1] Testimony from anyone other than plaintiff's designated expert Dr. Walberg and defendant's designated expert Michael Kamil on Accelerated Reader's efficacy must be precluded under Rule 26(a)(2) and Federal Rules of Evidence 701 and 702.

## V. EVIDENCE OF LOST SALES OR LOST PROFITS NOT PREVIOUSLY DISCLOSED

The Court should exclude all witnesses, testimony and evidence regarding lost sales and lost

---

[1] Dr. Walberg describes himself as "an education psychologist specializing in educational program evaluation."

4

profits attributable to Metiri not previously disclosed. Plaintiff was asked to identify all such witnesses in interrogatories. All evidence not included in response to those interrogatories must be excluded. Proving such economic damages is an essential element of one or more of plaintiff's claims. Defendant will be unduly prejudiced if such surprise testimony is offered at trial as it will be without recourse to investigate the alleged damages or present rebuttal evidence. Therefore, any evidence and testimony of lost sales or lost profits not disclosed prior to August 28, 2009, must be excluded pursuant to Rule 26(e) and Rule 34.

## VI.   TESTIMONY OF EVIDENCE SPOILATION

Plaintiff should be precluded from offering testimony, commentary, argument or the like regarding accusations of evidence spoilation on the part of Metiri. Accusations of evidence spoilation or destruction give rise to an unfavorable inference to the alleged spoilater. See Griffith v. Gardner, 217 S.W.2d. 519, 524 (Mo. 1949). Plaintiff should be precluded from availing itself of such inference because:

> The creation of a presumption favorable to the innocent party is one of the remedies which is clearly within the court's stable of options when considering the imposition of discovery sanctions. However, this court has previously indicated in considering a party's failure to produce evidence that, as a general rule, such a presumption may arise where the destruction of evidence was intentional, fraudulent, or done with a desire to conceal and, thus, frustrate the search for the truth.

Lewy v. Remington Arms, 836 F.2d. 1104, 1112 (8th Cir. 1988). Plaintiff did not raise the spoilation issue in discovery and it should be precluded from raising it at trial. Plaintiff has no grounds to move for discovery sanctions and has never done so. There has been no finding that Metiri destroyed any evidence, let alone that such destruction was intentional, fraudulent, or done with a desire to

5

conceal anything from RLI. As such, plaintiff should be precluded from offering such testimony at trial due to the prejudice that would ensue to defendant.

## VII. EVIDENCE OF SETTLEMENT DISCUSSIONS

The Court should exclude any testimony or argument regarding or referencing any offers of settlement or compromise made by the defendant or its respective attorneys or representatives. Federal Rule of Evidence 408 precludes admission of "evidence of...conduct or statements made in compromise negotiations regarding the claim." Fed.R.Evid. 408. Therefore, plaintiff should be prohibited from introducing any testimony or making reference to any offers of settlement or compromise by the defendant.

## VIII. UNCALLED WITNESSES

Plaintiff should not be permitted to make any comment, mention or reference to the fact that defendant has not called to testify any witness equally available to the parties in this case. *See Porter v. Toys R Us-Delaware, Inc.*, 152 S.W.3d 310, 318 (Mo. App. 2005) ("if the witness is equally available to both parties, it is improper for a party to argue an adverse inference."). Reversible error may result if counsel comments on the absence of a witness equally available to both parties because "Courts are wary of phantom testimony introduced through argument rather than from the witness stand." *Morrissey v. Morrissey*, 935 S.W.2d 715, 718 (Mo. App. E.D. 1996); *See Kampe v. Colom*, 906 S.W.2d 796, 802 (Mo. App.1995) (to allow argument of negative inference from parties' failure to produce witness is reversible error if witness is equally available to both parties).

WHEREFORE, defendant prays for an order of the Court *in limine* on the above topics and for such other and further relief as the Court deems just and appropriate.

/s/ *Theresa A. Otto*
Lee M. Baty, Esq. (#29547)
Theresa A. Otto, Esq. (#43453)
Matthew J. Westering, Esq. (#61134)
BATY, HOLM & NUMRICH, P.C.
4600 Madison Avenue, Suite 210
Kansas City, MO 64112-3012
lbaty@batyholm.com
totto@batyholm.com
mjwestering@batyholm.com
Telephone: 816-531-7200
Telecopy: 816-531-7201
ATTORNEYS FOR DEFENDANT

***Certificate of Electronic Filing***

I hereby certify that on October 12, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

James M. Weiss, Esq.
K. Lee Marshall, Esq.
BRYAN CAVE
211 N. Broadway, Ste. 3600
St. Louis, MO 63102-2750
james.weiss@bryancave.com
klmarshall@bryancave.com
Telephone: 314-259-2000
Telecopy: 314-552-8773

Robert J. Hoffman, Esq.
Rick E. Frawley, Esq.
Mark W. Brennan, Esq.
BRYAN CAVE, LLP
1200 Main Street, Suite 3500
Kansas City, MO 64105
rick.frawley@bryancave.com
rjhoffman@bryancave.com
Telephone: 816-374-3200
Telecopy: 816-374-3300

ATTORNEYS FOR PLAINTIFF


/s/ *Theresa A. Otto*
Attorneys for Defendant