UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | ) | |
|---|---|---|
| RENAISSANCE LEARNING, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:07-0413-CV-W-SWH |
| METIRI GROUP, LLC, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
DEFENDANT'S FIRST MOTION IN LIMINE**

Plaintiff Renaissance Learning, Inc. ("RLI"), opposes the first motion in limine of defendant Metiri Group, LLC ("Metiri"), and in support, states as follows.

**I.   Evidence of Metiri's Insurance Coverage Is Relevant**

First, Metiri seeks to preclude introduction of testimony that it was a sophisticated company that secured liability insurance to protect itself against suits such as these for its intentional false statements. Fed. R. Evid. 411 does not exclude all evidence regarding insurance. Instead, Rule 411 simply states that "evidence that a person was or was not insured against liability is not admissible *upon the issue whether the person acted negligently or otherwise wrongfully*." Fed. R. Evid. 411 (emphasis added). Rule 411 does not exclude testimony or evidence regarding insurance when it is relevant for other purposes. See Charter v. Chleborad, 551 F.2d 246, 248 (8th Cir. 1977); see 23 WRIGHT & GRAHAM, FEDERAL PRACTICE & PROCEDURE, § 5368 (2009) (existence of insurance may be relevant to show knowledge of risk or business custom).

RLI expects that Metiri will inject its financial situation into the case, either by testimony that its TSW database was not hugely profitable or by playing the "small business card." Either

way, this injection will render its liability insurance relevant and admissible.  See Lange v. Missouri Pacific R.R. Co., 703 F.2d 322, 323 (8th Cir. 1983); see also Ratcliff v. Sprint Missouri, Inc., 261 S.W.3d 534, 545 (Mo. App. 2008) (permitting testimony regarding collateral source payments).  Evidence of Metiri's liability insurance may be relevant for other reasons as well, depending on the testimony at trial.  An order in limine excluding evidence of Metiri's liability insurance is not appropriate at this time.

## II. Documents Not Requested By Metiri Are Admissible

Metiri has asked for an generic order excluding all documents not produced prior to August 28, 2009 (ECF Doc. 152 at 2).  In support, Metiri cites Rule 26 for the basic proposition that parties are entitled to obtain discovery regarding information or documents reasonably calculated to lead to the discovery of admissible evidence (id.).  Metiri has not identified any items that it requested during discovery that were not produced.  Metiri is free to object at trial to the use of specific documents that it believes were not produced but were requested by its Rule 34 requests.  See Forbes v. 21st Century Ins. Co., 258 F.R.D. 335, 338 (D. Ariz. 2009) ("defendants were obliged to request production of the documents if they desired it").  An order categorically excluding all "photographs, videotapes, statements, records, or other documents or tangible items" "not previously identified or produced in the discovery period ending August 28, 2009," is hopelessly overbroad.  Since Metiri has not identified particular items that it believes should have been produced during discovery that were not, this motion should be denied.

**III.     Witnesses Identified By Renaissance Learning Should Be Permitted To Testify.**

Metiri has identified one witness disclosed by RLI's Amended Rule 26(a)(1) disclosures whom it believes should be precluded from testifying (ECF Doc. 152 at 3).[1]  But Metiri's motion belies its claim of prejudice.  RLI's amended Rule 26 disclosures listed Judith Paul as a potential witness on August 11, 2009, more than 2 weeks prior to the close of discovery.  Metiri was already aware of Judith Paul's role at RLI, having asked Laurie Borkon about Ms. Paul during her individual deposition on April 29, 2009 (Borkon Dep. at 53, Exh. 1) (testimony that Judi Paul developed Accelerated Reader).  In addition, Metiri designated this testimony in their deposition designations for trial (ECF Doc. 151 at 6).

Following Ms. Borkon's deposition, Metiri never indicated that it wanted to take Ms. Paul's deposition, nor did it respond to RLI's Amended Rule 26(a)(1) disclosures at all until it filed the pending motion in limine.  But Metiri knows now, as it knew on April 29, 2009, and as it knew on August 11, 2009, if not much earlier, that Ms. Paul was an executive at RLI and was the creator of the Accelerated Reader product at issue in this case.  Metiri was free to seek Ms. Paul's deposition at any point during discovery, and particularly after Metiri asked Ms. Borkon about Ms. Paul's role with AR back in April.  It never did.  It cannot complain now about a "surprise" witness from whom it had ample opportunity to take testimony.  A cynic might say that Metiri refrained from seeking Ms. Paul's deposition precisely to preserve its right to file this motion in limine.  Regardless, it should be denied.

---

[1] In this motion in limine, Metiri also mentions by name Father Tim Bushy and Robert Turner, but concedes that it was aware of these individuals' knowledge regarding the case following the filing of their affidavits in opposition to Metiri's first summary judgment motion in March 2008 (Exhs. 14 & 15 to ECF Doc. 53).  This awareness eighteen months ago and Metiri's failure to take their depositions precludes their exclusion at trial now even were Metiri to ask for it.

### IV. Factual Evidence Regarding Accelerated Reader's Effectiveness Is Not Expert Testimony And Is Admissible

Metiri's fourth motion in limine is as hopelessly vague and overbroad as its others. Metiri seeks to prohibit *anyone* from testifying as to the effectiveness of Accelerated Reader in helping children with general reading achievement (ECF Doc. 152 at 4). This exclusion would presumably go so far as to prohibit a classroom teacher from testifying that she personally observed AR's effectiveness in helping her students with reading achievement. There is no proscription in the federal rules, nor has Metiri cited any, for the proposition that a witness may not testify as to their firsthand knowledge. In fact, Rule 602 specifically states that a witness may testify to matters within their personal knowledge. Likewise, Rule 701 preserves the right of lay witnesses to offer opinion testimony if the testimony is based on (a) the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact at issue, and (c) not based on scientific, technical or other specialized knowledge.

Dr. Walberg has been designated as an expert in the evaluation of educational programs and will testify in that area. But this does not prohibit RLI from offering other witnesses who can testify as to their own personal knowledge of AR. It does not prohibit RLI from offering witnesses who offer opinion testimony regarding AR as long as it is based on the perception of the witness. Metiri has offered no specifics as to particular witnesses whose testimony it wants to circumscribe. Metiri's fourth motion in limine, as bereft of specifics as its other motions, should be denied.

### V. RLI Should Be Permitted To Update Its Lost Sales And Profits Through Trial.

Metiri seeks to exclude "any evidence and testimony of lost sales or lost profits not disclosed prior to August 28, 2009." The only lost sales and lost profits data that RLI plans to introduce at trial that was not previously disclosed is data regarding the time between the

4

submission of its damages expert's report and trial. Metiri cites no authority for the proposition that such an update is inadmissible. Metiri had sufficient opportunity to depose relevant RLI personnel and to depose RLI's expert witness on damages. The updating of figures based on the previously disclosed model will not prejudice Metiri's ability to try this case at all. This motion should be denied.

**VI.     Testimony Of Spoliation Of Evidence Is Admissible**

Contrary to Metiri's assertions, RLI did raise the spoliation issue during discovery, and has now filed a motion for sanctions due to Metiri's abject failure to preserve and/or produce relevant evidence (see ECF Doc. 156). RLI's motion for sanctions demonstrates spoliation, and RLI is entitled to an adverse inference instruction at trial. For the reasons stated in RLI's motion for sanctions, this motion in limine should be denied.

**VII.    Plaintiff Does Not Object To The Exclusion Of Evidence Regarding Settlement Discussions.**

Plaintiff agrees that testimony or argument regarding offers of settlement or compromise relating to this litigation made by either party is inadmissible pursuant to Fed. R. Evid. 408.

**VIII.   Plaintiff Does Not Object To The Exclusion Of Comments Regarding Witnesses Not Called To Testify.**

Plaintiff agrees that testimony regarding witnesses who were equally available to both parties but did not testify should be excluded. See Porter v. Toys R Us-Delaware, Inc., 152 S.W.3d 310, 318 (Mo. App. 2005); see also Roper v. Smith, 2009 WL 2182153, *14 (E.D. Mo. July 22, 2009) (citing United States v. Green, 69 Fed. Appdx. 612 at *1 (4th Cir. 2003)).

Dated: October 21, 2009  **BRYAN CAVE LLP**

By:     /s/ K. Lee Marshall
Robert J. Hoffman, # 44486
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105
Tel. (816) 374-3200
Fax (816) 374-3300

K. Lee Marshall (admitted *pro hac vice*)
James Weiss (admitted *pro hac vice*)
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Tel. (314) 259-2000
Fax (314) 259-2020

**ATTORNEYS FOR RENAISSANCE LEARNING, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

Lee M. Baty
Theresa M. Otto
Matthew Westering
Baty, Holm, & Numrich, P.C.
4600 Madison Avenue
Kansas City, Missouri 64112

    /s/ K. Lee Marshall