IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

RENAISSANCE LEARNING, INC., )
)
        Plaintiff, )
)
v. )   Case No. 07-0413-CV-W-SWH
)
METIRI GROUP, LLC, )
)
        Defendant. )

## ORDER

Plaintiff Renaissance Learning, Inc. ("RLI") filed its First Amended Complaint (doc #67) on September 11, 2008. RLI is "the world's leading provider of computer-based assessment technology for pre-K - 12 schools. Adopted by more than 73,000 North American schools, RLI's tools provide daily formative assessment and periodic progress-monitoring technology to enhance the curriculum, support differentiated instruction, and personalized practice in reading, writing, and math." (Defendant's Uncontroverted Fact #22) RLI's Accelerated Reader ("AR") is a computer software program that was first introduced in 1986. (First Amended Complaint at ¶ 6)

Defendant Metiri Group, LLC ("Metiri") was founded in February 2000 to provide consulting services to educators and education institutions. (First Amended Complaint at ¶ 13) Metiri sells a product called the Technology Solutions That Work ("TSW") which provides a database of research studies on educational software. (First Amended Complaint at ¶ 15) Metiri, acting through Cheryl Lemke, its President and CEO, and Ed Coughlin, its Senior Vice-President, is a frequent presenter at education conferences. (First Amended Complaint at ¶¶ 14 and 16)

Plaintiff RLI alleges in its First Amended Complaint that the TSW database contains false

statements about AR and that school administrators in Missouri have been exposed to the false statements through their subscription to TSW. Further, plaintiff alleges that Metiri has made false allegations regarding AR at education conferences causing plaintiff harm. The First Amended Complaint contains three counts: Count I alleges injurious falsehood/commercial disparagement; Count II alleges false advertising and product disparagement under Section 43(a) of the Lanham Act; and Count III alleges tortious interference with contract and/or business expectancy. Pending before the Court is Defendant Metiri Group, LLC's Motion for Summary Judgment (doc #134).[1]

In its Suggestions in Opposition to Defendant's Motion for Summary Judgment, plaintiff set forth the following listing of the allegedly false and disparaging statements about AR that Metiri has made:

1. "TSW provides an in-depth, unbiased analysis of each study."

2. "There is, in our professional opinion, no compelling evidence that AR has any significant impact on reading or on student attitudes toward reading and yet, it is currently in place in almost half of all American schools."

3. Father Tim Bushy stated that Lemke told him that there was no research to support Accelerated Reader, so she could not support it.

4. Eugene Hertzke, a former school district superintendent in Washington State, stated that Lemke stated at a conference that Accelerated Reader had no scientific studies that would support a claim that it was an effective learning product.

5. "Despite its status as the number one program in sales to American Schools,

---

[1] Also pending before the Court is Plaintiff's Motion to Extend Page Limits (doc #137) requesting leave to exceed the fifteen-page limit of its suggestions in opposition to defendant's motion for summary judgment and Defendant's Motion to Extend Time to File Its Suggestions in Reply in Support of Its Motion for Summary Judgment (doc #140). The Court will grant each of these motions and deem Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #138) and the Reply Suggestions in Support of Defendant Metiri Group, LLC's Motion for Summary Judgment (doc #142) properly filed.

2

> there were no studies that we could find that offered convincing, scientifically-based support for Accelerated Reader."
>
> 6. "The research on the impact of Accelerated Reader on reading levels of students in inconclusive."
>
> 7. "To ensure the accuracy of our database, Metiri is constantly on the look-out for new, high-quality research to update the database."
>
> 8. "TSW is an up-to-date resource schools can count on."
>
> 9. "Interventions and research reviews are continuously added to the site, many at the request of our clients."
>
> 10. "Sorting through the mountains of research on AR, most completed by Renaissance Learning – the company that publishes AR – we located less than 10 that were of a technical quality to be worth reviewing."
>
> 11. "Points are awarded by the AR system and rewards can be earned through the program, an aspect of AR that has proven increasingly controversial of late."
>
> 12. "Properly implemented, Accelerated Reader is enhanced by a somewhat controversial system of points and rewards."

(Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #138) at 25-27)[2]

## I. COUNT I (Injurious Falsehood/Commercial Disparagement)

The parties are in agreement as to the elements of a claim for injurious falsehood under Missouri law: One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (1) he intends for publication of the statement to result in harm to interest of the other having a pecuniary value, or either recognizes or should

---

[2]Defendant objects to the inclusion of Statements 3 and 4, stating that plaintiff failed to plead these statements in its First Amended Complaint. (Reply Suggestions in Support of Defendant Metiri Group, LLC's Motion for Summary Judgment (doc #142) at 8) However, these two statements were set forth in the First Amended Complaint at ¶¶ 19 and 20.

recognize that it is likely to do so, and (2) he knows that the statement is false or acts in reckless disregard of its truth or falsity. (Defendant's Suggestions in Support of Motion for Summary Judgment (doc #135) at 13; Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #138) at 27)

Defendant Metiri contends summary judgment is appropriate as to Count I of the First Amended Complaint because the statements at issue are not false and even if the statements are determined to be false, Metiri did not know the statements were false nor did it act in reckless disregard of their truth or falsity. (Defendant's Suggestions in Support of Motion for Summary Judgment (doc #135) at 13)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the light most favorable to the party opposing the motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

With these standards in mind, the Court finds that there is evidence which creates genuine issues of material fact for trial which precludes the Court from granting defendant's motion. For instance, the following evidence (which listing is not intended to be an exhaustive listing) creates a genuine issue as to whether the subject statements are false or whether defendant acted in reckless

4

disregard of the statements' truth or falsity:

- A comparison of Metiri's TSW evaluations of research and recommendations for Accelerated Reader (Plaintiff's Ex. 2), Read 180 (Plaintiff's Ex. 3) and Little Planet Early Learning Series (Plaintiff's Ex. 4) raises an inference that Metiri is not unbiased in its analysis.

    - The statement "We feel we are being generous with a rating of "Inconclusive Evidence" with respect to Accelerated Reader arguably is evidence of some bias.

    - The statement "Despite its predominance in American schools, the research base on Accelerated Reader is weak, idiosyncratic, and contradictory. It seems odd that with tens of thousands of American schools using the program, that most oft-quoted study was conducted on two classrooms in a socio-economically disadvantaged area of Scotland." with respect to Accelerated Reader again arguably is evidence of some bias.

    - Metiri's recommendation that Read 180 qualified for its highest recommendation of "What Works" and that "schools implement the program as recommended by Dr. Hasselbring, the developer" appears generous when compared to Metiri's analysis of Accelerated Reader. Metiri's recommendation that Read 180 be implemented in grade levels 4 through 12 was based on four research studies – three of which received a 2 out of 5 on the Metiri Confidence Level (two of these studies were not even scientifically based research). The one study that received a higher rating (4 out of 5) evaluated the program only in the 8th grade level. There was a question as to whether the smaller class sizes of approximately 15 students and individual and small-group instruction in the test group influenced the positive outcome as opposed to the Read 180 software. The other scientifically based research study (Council of Great Cities) showed a significant difference in scores in favor of Read 180 over the control group in two school districts, but no significant difference between the Read 180 and control group in a third school district which reportedly had implemented the Read 180 program well. 80% of the teachers implementing the program encountered technical problems with hardware and software. Again, it was unclear whether the smaller class sizes in the test group influenced the positive outcome as opposed to the Read 180 software.

    - Metiri's recommendation that Little Planet Early Learning Series qualified for its highest recommendation of "What Works" with the

5

> following explanation: "This intervention shows that the use of video and story retelling can positively impact letter and work identification as well as listening comprehension for those in a high-risk, low socioeconomic status (SES). The Little Planet Series is highly recommended by Metiri Group. It should be implemented in the context of student teams who are prepared to work collaboratively." This again appears generous when compared to Metiri's analysis of Accelerated Reader. Metiri's recommendation that the Little Planet Series be implemented in grade levels 0 through 4 was based on research conducted by Vanderbilt University, the university where the Little Planet Series was developed. The research which was conducted only with 1st grade students was categorized as not scientifically based research. Metiri states that it "was not able to get full research report on the four studies, so some of the implementation data and statistical analyses were not analyzed."

- The fact that one of the persons assigned by Metiri to review Accelerated Reader, Susan Williams, worked extensively in the Learning Technology Center at Vanderbilt University's Peabody College where Little Planet and Read 180 originated during the time period these programs were being developed raises an inference that Metiri is not unbiased in its analysis.

- The fact that of the 153 beginning reading programs that qualified for review by the What Works Clearinghouse of the U.S. Department of Education, only 24 programs (Accelerated Reader/Reading Renaissance being one) met the evidence standards with Accelerated Reader/Reading Renaissance receiving ratings of "Potentially positive effects: evidence of a positive effect with no overriding contrary evidence" in both Comprehension (AR ranked 6 of 19 programs) and General Reading Achievement (AR ranked 2 of 5 programs) raises an inference that there is scientifically-based research to support AR.

- The fact that peer reviewed, significant studies of AR (Holmes 2006, Husman 2005, Johnson 2003, McGlinn 2002, Nunnery 2007, Yeh 2007 and Yeh 2008) have not been included in Metiri's analysis of AR while studies that are either not peer reviewed or not significant or both (Holmes 2003, Nunnery 2000, Paul 1997, Pavonetti 2000, and Sadusky 2002) were included raises an inference that Metiri did not include the highest quality research in its analyses of AR. (See Plaintiff's Ex. 15 at Appendix C)

- The fact that Metiri tries to update TSW at least every two years along with the fact that Metiri failed to include a study suggested by representatives of RLI (the study cited by the What Works Clearinghouse) raises an inference that TSW is not an up-to-date resource and that Metiri is not always on the look-out for high quality research to update its database.

6

- There is a factual dispute as to what percentage of the "mountains of research on AR" was completed by RLI as a good bit of the research studies are case studies in which the data is collected by individual schools and then submitted to and summarized by RLI creating an inference that the individual schools rather than RLI "completed" this research.

Therefore, viewing the evidence in the light most favorable to plaintiff, defendant's request that it be granted summary judgment on Count I must be denied.

## II. COUNT II (False Advertising and Product Disparagement)

Plaintiff brought Count II under section 43(a) of the Lanham Act. A purpose of the Lanham Act is to protect persons engaged in commerce against false advertising and unfair competition. See United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1179 (8th Cir.1998). To establish a false or deceptively misleading advertising claim under section 43(a) of the Lanham Act,[3] the plaintiff must establish: (1) a false statement of fact by the defendant about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant

---

[3]Section 43(a) of the Lanham Act states, in pertinent part:

    (1)    Any person who, on or in connection with any goods ... uses in commerce any ... false or misleading description of fact, or false or misleading representation of fact, which-

* * *

    (B)    in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

7

caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement. See American Italian Pasta Co. v. New World Pasta Co., 371 F.3d 387, 390 (8th Cir. 2004)(citing United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir.1998)).

Defendant Metiri contends summary judgment is appropriate as to Count II of the First Amended Complaint because the allegedly false statements did not appear in a commercial advertisement and because RLI has not suffered a competitive injury. (Defendant's Suggestions in Support of Motion for Summary Judgment (doc #135) at 24)

The Court finds that there is evidence which creates genuine issues of material fact for trial which precludes the Court from granting defendant's motion. For instance, the following evidence (which listing is not intended to be an exhaustive listing) creates a genuine issue as to whether the statements at issue appeared in commercial advertising and whether RLI has suffered a competitive injury:

- Many of the statements at issue were made in TSW videos or power point presentations – all available on the Metiri website without a membership – thus creating an inference that Metiri is using these statements in commercial advertising or that it has caused these statements to enter interstate commerce to promote its TSW product.

- Other statements were made by Metiri representatives at conferences where Metiri is promoting its services, thus creating an inference that Metiri is using these statements to commercially promote its TSW product.

- There is a factual dispute over whether Metiri and RLI are business competitors, while not in the sale of educational software, at least in the areas of policy consulting services, professional development services and research and evaluation services (see Plaintiff's Ex. 5), thus creating an inference that if Metiri discredits or causes distrust in RLI with respect to one of its major products – AR – customers may question its other services and divert business that otherwise would have gone to RLI elsewhere, such as to Metiri.

8

Case 4:07-cv-00413-SWH   Document 163   Filed 10/23/09   Page 8 of 11

- There is a factual dispute over whether Metiri used e-mail advertisements, TSW videos and power point presentations to discredit AR in order to spark an interest and sales in TSW and divert business that otherwise would have gone to RLI to a subscription first in TSW which in turns recommends alternative products for the customers to purchase.

Therefore, viewing the evidence in the light most favorable to plaintiff, defendant's request that it be granted summary judgment on Count II must be denied.

### III. COUNT III (Tortious Interference With Contract and/or Business Expectancy)

The parties are in agreement as to the elements of a claim for tortious interference with contract and/or business expectancy under Missouri law: (1) the existence of a contract or valid business expectancy; (2) the defendant's knowledge of the contract or expectancy; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification for the interference; and (5) damages. (Defendant's Suggestions in Support of Motion for Summary Judgment (doc #135) at 24; Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #138) at 46)

Defendant Metiri contends summary judgment is appropriate as to Count III of the First Amended Complaint because the statements at issue are not false and even if the statements are determined to be false, Metiri did not know "precisely in which schools Accelerated Reader is used and in specifically which schools RLI has a contract or expectancy with" nor did Metiri have any motive to interfere with any contract or expectancy between RLI and its customers or that it affirmatively took steps to induce cancellation of any contract or expectancy. (Defendant's Suggestions in Support of Motion for Summary Judgment (doc #135) at 25-26)

The Court again finds that there is evidence which creates genuine issues of material fact for trial which precludes the Court from granting defendant's motion. For instance, the following

9

evidence (which listing is not intended to be an exhaustive listing) creates a genuine issue as to whether plaintiff can satisfy the elements of a claim for tortious interference with contract and/or business expectancy:

- The fact that Metiri states in its video introduction to TSW that AR "is currently in place in almost half of all American schools" raises an inference that Metiri had knowledge of RLI's contracts or business expectancies with schools and school districts.

- RLI has provided an expert report which analyzes the loss of sales from AR to customers who subscribed to Metiri's services which raises an inference that sales of AR products to Metiri subscribers were materially impaired by statements made by Metiri regarding the AR product.

- As set forth above, there is evidence which creates genuine issues of material fact as to whether the subject statements are false or whether defendant acted in reckless disregard of the statements' truth or falsity.

- As set forth above, there is evidence which creates genuine issues of material fact as to whether Metiri was motivated to discredit or cause distrust in RLI with respect to one of its major products – AR – so that customers may question its other services and send business that otherwise would have gone to RLI elsewhere, such as to Metiri.

- Metiri advertisements such as "Click here for a special offer and finally settle that argument about Accelerated Reader" (Plaintiff's Ex. 40), raise an inference as to whether Metiri was motivated to discredit AR in order to spark an interest and sales in TSW.

Therefore, viewing the evidence in the light most favorable to plaintiff, defendant's request that it be granted summary judgment on Count III must be denied.

## IV. CONCLUSION

For the reasons discussed above, it is

ORDERED that Plaintiff's Motion to Extend Page Limits (doc #137) is granted. Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment (doc #138) is deemed properly filed. It is further

10

ORDERED that Defendant's Motion to Extend Time to File Its Suggestions in Reply in Support of Its Motion for Summary Judgment (doc #140) is granted. Defendant's Reply Suggestions in Support of Defendant Metiri Group, LLC's Motion for Summary Judgment (doc #142) is deemed properly filed. It is further

ORDERED that Defendant Metiri Group, LLC's Motion for Summary Judgment (doc #134) is denied.

          */s/ Sarah W. Hays*
          SARAH W. HAYS
          UNITED STATES MAGISTRATE JUDGE